1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>   v.<br><br>$16,014 IN U.S. CURRENCY, AND ANY<br>ACCRUED INTEREST,<br><br>          Defendant. | CASE NO.  CV20-1750<br><br>**VERIFIED COMPLAINT<br>FOR FORFEITURE *IN REM*** |

## I.    NATURE OF THE ACTION

1.    This is a civil *in rem* action for the forfeiture of $16,014 in U.S. currency that was seized by the Federal Bureau of Investigation during the search of Alina Kurishko's residence in Everett, Washington on June 3, 2020 (hereafter, the "Defendant Currency").

## II.    LEGAL BASIS FOR FORFEITURE

2.    The Defendant Currency is forfeitable pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841(a)(1) (distribution of controlled substances) and 846 (attempt or conspiracy to distribute controlled substances). Specifically, counsel for the United States has a reasonable belief the government will be able to prove, to a

preponderance at trial, that the Defendant Currency represents proceeds from the sale controlled substances.

## III.    JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 (United States is plaintiff) and 1355(a) (action for forfeiture).

4.      The Federal Bureau of Investigation (the "FBI") seized the Defendant Currency pursuant to a warrant, issued in Western District of Washington Cause No. MJ20-295, that authorized the search of Alina Kurishko's residence in Everett, Washington. That warrant was executed on June 3, 2020. After taking custody of the Defendant Currency, the FBI subsequently transferred it to the custody of the U.S. Marshals Service, where it remains.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1)(A) (acts giving rise to the forfeiture occurred in this district) and 1395(b) (the Defendant Currency was seized in this district).

6.      As provided in Supplemental Rule G(3)(b)(i), the Clerk of Court is required to issue a warrant to arrest the Defendant Currency if it is in the government's possession, custody, or control. As such, the Court will have *in rem* jurisdiction over the Defendant Currency when the accompanying Warrant of Arrest *in Rem* is issued, executed, and returned to the Court.

## IV.    FACTUAL BASIS FOR FORFEITURE

7.      Alina Kurishko was identified in the course of an FBI investigation focused on the online sale of controlled substances by a particular darknet vendor.

8.      Beginning in August 2019, the FBI conducted several undercover purchases of controlled substances from the identified darknet vendor. The suspected controlled substances (suspected oxycodone and Percocet) were shipped through the mail and bore postage paid with a U.S. Postal Service "Click & Ship" account held by "HHP

Verified Complaint for Forfeiture *In Rem* - 2
*U.S. v. $16,014 in U.S. Currency*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Better Products, Inc." at an address in a business services center in Bellevue, Washington. That business address was associated with Gregory Tift, a resident of Mill Creek, Washington.

9.      Further investigation confirmed that Mr. Tift was sending packages containing controlled substances that bore return labels for "HHP Better Products, Inc." from a post office in Mill Creek, Washington.

10.      Further investigation revealed that Alina Kurishko was also mailing packages containing controlled substances that bore return labels for "HHP Better Products, Inc." from a post office in Mill Creek, Washington. Investigation also revealed that Ms. Kurishko was picking up parcels that had been delivered to the "HHP Better Products, Inc." business address in Bellevue, Washington.

11.      Investigation also revealed that Mr. Tift purchased bulk mailing supplies at a Staples office supply store in Mill Creek, Washington. Investigation also revealed that Ms. Kurishko was also picking up mailing supplies that had been ordered through Mr. Tift's online Staples account at the same Staples store in Mill Creek, Washington.

12.      On June 3, 2020, pursuant to a warrant issued in Western District of Washington Cause No. MJ20-295, law enforcement searched both Mr. Tift's residence in Mill Creek, Washington and Ms. Kurishko's residence in Everett, Washington.

13.      In the search of Ms. Kurishko's residence, and specifically in Ms. Kurishko's bedroom, law enforcement found the $16,014 in U.S. currency (i.e., the Defendant Currency), along with bundles containing different pharmaceutical pills including suspected alprazolam and Adderall, Click & Ship shipping labels, a Washington state identification card issued in the name "Sarah Rudolph," a Pennsylvania driver's license issued in the name "Anastasia Andersonova" but bearing Ms. Kurishko's photo, and a Capital One Visa card issued in the name "Thomas Jun."

14.      The Defendant Currency was found in the following locations in Ms. Kurishko's bedroom, in the following amounts: $14,854 was found in a red purse in her closet; $700 was found in a black purse in her closet, along with the pharmaceutical pills

Verified Complaint for Forfeiture *In Rem* - 3
*U.S. v. $16,014 in U.S. Currency*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   identified in Paragraph 13; $100 was found in a pink wallet, along with the identification
2   cards and Visa card issued in other names; and, $360 was found in her dresser drawer.

3       15.     During execution of the search warrant, law enforcement interviewed Ms.
4   Kurishko's mother, Svetlana Kurishko, who also lives at the residence. Svetlana
5   Kurishko confirmed that her daughter was employed part-time by Gregory Tift, but stated
6   she believed her daughter was providing support for Mr. Tift's "foreclosure" business.
7   Svetlana Kurishko confirmed that, in the course of her employment, her daughter picked
8   up and dropped off mail for Mr. Tift. She also confirmed that Mr. Tift paid her daughter
9   in cash. Svetlana Kurishko confirmed that her daughter had no other source of income.
10  She also stated her daughter had no prescriptions for any medications, or any medical
11  issues. Finally, she stated she had given her daughter $1,500 in cash the day before the
12  search so she could replace the tires on her car.

13      16.     Immediately after execution of the search warrant, law enforcement
14  interviewed Alina Kurishko herself at the FBI's Everett Resident Agency office in
15  Everett, Washington. After waiving her *Miranda* rights, Ms. Kurishko admitted she had
16  been mailing packages for Mr. Tift since approximately December 2019. Specifically,
17  she admitted she sealed those packages for shipping, printed shipping labels for them
18  using Mr. Tift's Click & Ship account, and then mailed them at the post office in Mill
19  Creek, Washington. She admitted she knew the packages contained controlled
20  substances, including oxycodone, fentanyl, modafinil, Xanax, Adderall, Viagra, and
21  Cialis.

22      17.     Ms. Kurishko also admitted she was aware Mr. Tift received controlled
23  substances through the mail, from a supplier she believed to be in Russia. She admitted
24  that on at least one occasion she had picked up those international packages at the
25  business address for "HHP Better Products, Inc." in Bellevue, Washington. She also
26  admitted to picking up mailing supplies at Staples and stated she used the Pennsylvania
27  driver's license issued in the name "Anastasia Andersonova," but bearing her own photo,
28  when doing so.

Verified Complaint for Forfeiture *In Rem* - 4
*U.S. v. $16,014 in U.S. Currency*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18.     In the course of the interview, Ms. Kurishko also admitted Mr. Tift paid her cash for her services, at a rate of $14.00 per hour for work other than mailing controlled substances, and at a rate of 50-cents to $1.00 per package for mailing controlled substances.

19.     The FBI initiated administrative forfeiture proceedings against the Defendant Currency pursuant to 19 U.S.C. §§ 1607 – 1609, by way of 21 U.S.C. § 881(d) and 18 U.S.C. § 981(d), on the grounds it constitutes proceeds of the distribution of controlled substances, in violation of 21 U.S.C. §§ 841 and 846.

20.     On June 27, 2020, as part of those administrative proceedings, the FBI sent notice of the pending forfeiture to all identified potentially interested parties, as required by 18 U.S.C. § 983(a)(1).

21.     On August 28, 2020, the FBI received an administrative claim to the Defendant Currency from Alina Kurishko. In her claim, Ms. Kurishko asserts the Defendant Currency is not proceeds of the distribution of controlled substances, but is instead comprised of a "$1200 Stimulus check, Pandemic unemployment benefits also myTax refund and savings from several years of employment, also Birthday and Christmas cash gifts, from family" [*sic*].

22.     In support of her claim, Ms. Kurishko submitted a heavily redacted statement for a BECU account held in her name reflecting the period April 11, 2020 to May 8, 2020. She also submitted a heavily redacted "PUA Claim" ledger that appears to reflect payments the Washington State Employment Security Department made to Ms. Kurishko between April 18, 2020 and May 9, 2020.

23.     The BECU statement reflects two payments from the Internal Revenue Service – one on April 15, 2020 in the amount of $1,200, and one on February 5, 2020 in the amount of $968. The PUA Claim ledger reflects four apparent unemployment benefits payments of $835 each.

24.     Together, these materials reflect a *potential* legitimate source for only $5,508 of the $16,014 that was seized from Ms. Kurishko's residence. These materials

Verified Complaint for Forfeiture *In Rem* - 5
*U.S. v. $16,014 in U.S. Currency*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

fail to establish, however, that $5,508 of the Defendant Currency in fact derives from those legitimate sources – i.e., there is no evidence to reflect these particular monies were withdrawn from the relevant accounts and then held in cash that Ms. Kurishko placed in the identified locations in her bedroom.

25.     As a result of the underlying investigation, Mr. Tift has been charged in Western District of Washington Cause No. CR20-168 with Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and Possession of Controlled Substances with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

26.     As of the date of this filing, Ms. Kurishko has not been criminally charged.

27.     Pursuant to 18 U.S.C. § 983(a)(3)(A), the FBI's receipt of Ms. Kurishko's claim triggered a 90-day deadline for the United States to either file a civil forfeiture complaint against the Defendant Currency or to identify it for forfeiture in a criminal prosecution. That 90-day deadline is November 26, 2020, and the United States now files this civil complaint seeking forfeiture of the Defendant Currency.

## V.     REQUEST FOR RELIEF

As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial. More specifically, these facts support a reasonable belief that the United States will be able to prove, at trial, that the Defendant Currency constitutes proceeds of the distribution of controlled substances, in violation of 21 U.S.C. §§ 841 and 846, which renders it forfeitable pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States respectfully requests:

1.     A warrant issue for the arrest of the Defendant Currency;

2.     That due notice be given to all interested parties to appear and show cause why the Defendant Currency should not be forfeited;

Verified Complaint for Forfeiture *In Rem* - 6
*U.S. v. $16,014 in U.S. Currency*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3.    The Defendant Currency be forfeited to the United States for disposition according to law; and,

4.    For such other and further relief as this Court may deem just and proper.

DATED this 25th day of November, 2020.

> Respectfully submitted,
>
> BRIAN T. MORAN
> United States Attorney
>
> MICHELLE JENSEN
> Assistant United States Attorney
> United States Attorney's Office
> 700 Stewart Street, Suite 5220
> Seattle, Washington 98101
> (206) 553-2619
> Michelle.Jensen@usdoj.gov

Verified Complaint for Forfeiture *In Rem* - 7
*U.S. v. $16,014 in U.S. Currency*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2

## **VERIFICATION**

3

I, Gregory Leiman, am a Special Agent with the Federal Bureau of Investigation

4
in Seattle, Washington. I furnished the investigative facts contained in the foregoing

5
Verified Complaint for Forfeiture *In Rem*. The investigative facts are based on personal

6
knowledge I obtained from my involvement in the underlying investigation, my review of

7
the relevant investigative material, other law enforcement officers involved in the

8
investigation, other reliable official Government sources, and my own training and

9
experience.

10
I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746,

11
that I have read the foregoing Verified Complaint for Forfeiture *In Rem*, that I know its

12
contents, and that the facts it contains are true and correct to the best of my knowledge.

13
14
Executed this 25th day of November, 2020.

15
16
17

_____
18
GREGORY LEIMAN
Special Agent
19
Federal Bureau of Investigation

20
21
22
23
24
25
26
27
28

Verified Complaint for Forfeiture *In Rem* - 8
*U.S. v. $16,014 in U.S. Currency*

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | $16,014 IN U.S. CURRENCY AND ANY ACCRUED INTEREST |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michelle Jensen, Assistant United States Attorney
700 Stewart Street, Suite 5220, Seattle, Washington, 98101-1271
206-553-2619

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1  U.S. Government Plaintiff

[ ] 2  U.S. Government Defendant

[ ] 3  Federal Question
*(U.S. Government Not a Party)*

[ ] 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a) for violations of 21 U.S.C. §§ 841(a)(1) and 846

Brief description of cause:
Seeking the civil forfeiture of proceeds from the sale of controlled substances

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE
November 16, 2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Michelle Jensen

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$16,014 IN U.S. CURRENCY, AND ANY ACCRUED INTEREST,<br><br>Defendant. | CASE NO.  CV20-1750<br><br>**WARRANT OF ARREST *IN REM*** |

TO:   UNITED STATES MARSHALS SERVICE
*and/or its duly authorized agents and representatives*

WHEREAS, a Verified Complaint for Forfeiture *in Rem* was filed in the above-captioned action on November 25, 2020 alleging the defendant $16,014 in U.S. currency and any accrued interest (hereafter, "the Defendant Currency") is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841(a)(1) (distribution of controlled substances) and 846 (attempt or conspiracy to distribute controlled substances); and,

WHEREAS, as reflected in the Verified Complaint, the Defendant Currency is in the government's possession, custody, and control;

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1      YOU ARE, THEREFORE, HEREBY COMMANDED, pursuant to Supplemental

2  Rule G(3)(b)(i) of the Federal Rules of Civil Procedure, to arrest and seize the Defendant

3  Currency; and,

4      YOU ARE FURTHER COMMANDED that, after executing this arrest and

5  seizure, you promptly file a record so reflecting in this Court.

6

7      DATED this _____ day of November, 2020.

8

9                                    WILLIAM M. McCOOL
                                     UNITED STATES DISTRICT COURT
10                                   CLERK

11

12                            By: _____
                                     DEPUTY CLERK
13

14

15

16

17

18  Presented by:

19

20   _/s/ Michelle Jensen_____
21  MICHELLE JENSEN
    Assistant United States Attorney
22  United States Attorney's Office
    700 Stewart Street, Suite 5220
23  Seattle, WA  98101
    (206) 553-2619
24  Michelle.Jensen@usdoj.gov
25

26

27  *NOTE:  This warrant is issued pursuant to Supplemental Rule G(3)(b)(i) of the Federal Rules of*
    *Civil Procedure (governing civil forfeiture actions* in rem*).*
28

WARRANT OF ARREST *IN REM* - 2
*U.S. v. $16,014 in U.S. Currency, and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970